## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| VICKI METZE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LINCOLN, MISSOURI,<br><br>Prepare Summons, serve at:<br>Ms. Crystal M. Hall<br>Lincoln County Clerk<br>201 Main Street<br>Troy, MO 63379<br><br>and<br><br>John Cottle,<br>Prepare Summons, serve at:<br>65 Business Park Drive Troy, Mo 63379<br>(or wherever Defendant may be found<br>within the State of Missouri)<br><br>and<br><br>David Curtis<br>Prepare Summons, serve at:<br>[2935 Trapper Trail, Wentzville, MO 63385]<br>(or wherever Defendant may be found<br>within the State of Missouri)<br><br>and<br><br>Lincoln County Sheriff's Department<br>Prepare Summons, serve at:<br>John Cottle<br>65 Business Park Drive Troy, Mo 63379<br><br>Defendants. | **JURY TRIAL DEMANDED** |

## Complaint

COMES NOW Plaintiff, Vicki Metze ("Plaintiff'), by and through her undersigned counsel, and for her Petition against Defendants, states and alleges as follows:

## GENERAL ALLEGATIONS COMMON AS TO ALL COUNTS

1. Plaintiff brings this action because while employed by Defendants she has been subjected to the unlawful employment practice of sex discrimination and harassment in violation of the Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 and in violation of her rights to equal protection under the Fourteenth Amendment to the United States Constitution.

2. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S. C. §§ 1981, 1983, and 1985(3).

3. At all times material to this action, Defendants acted by and through certain of their elected or appointed officials, managers, officers, employees, servants and/or agents and each of them were at all such times acting within the scope and course of their agency and employment and/or their actions were expressly authorized by Defendants and/or their actions were ratified by said Defendants.

4. At all times material to this action, Defendants were acting under color of State law.

5. At all times material to this action, Plaintiff was employed as a Lincoln County Sheriff's Department cook (at the Lincoln County Jail) where Defendant Cottle served as the elected Sheriff of Lincoln County and was, as such, the chief executive officer of the Lincoln County Sheriff's Department.

6. At all times material to this action, Defendant Curtis was employed by the other Defendants as the Captain, or officer in charge, of the Lincoln County jail.

7. At all times material to this action, Defendant Curtis had supervisorial authority over Plaintiff in the Department.

8. Upon information and belief, all acts and conduct which are the subject of this lawsuit occurred in Lincoln County, Missouri.

9. While employed by Defendants during Defendant Cottle's tenure as Sheriff, Plaintiff was subjected to discrimination with respect to the compensation, terms, conditions, and privileges of employment based upon her gender.

10. Defendant Curtis continuously subjected his female co-workers to graphic and unwelcome sexual discussions, sexual comments, and innuendo during her employment with Defendants, all of which was based on her gender.

11. Defendant Curtis continuously referred to women as vile and offensive names, made disparaging remarks about women in general, women in law enforcement and individual women (both co-workers and non-coworkers), all of which was based on gender.

12. The unlawful sex discrimination took place on a continuing basis during the time Plaintiff was employed under Defendant Cottle's tenure as Lincoln County Sheriff.

13. During Defendant Cottle's tenure as Sheriff, Plaintiff was treated differently than similarly situated male employees with respect to her compensation, and the terms, conditions, and privileges of employment due to her gender.

14. On or about October 7, 2013, female employees reported Defendant Curtis' behavior and its creation of a hostile work environment to Defendant Cottle.

15. Defendant Cottle informed the female complainants that Defendant Curtis would not be fired and would not change his behavior and they could either accept that reality or quit.

16. After that complaint was made, the inappropriate conduct and unequal treatment previously described intensified.

17. After co-workers' – particularly female co-workers'- complaints would be rebuffed by the Sherriff and the complainants were subjected to worse treatment or termination, Defendant Curtis would frequently brag that "That is what happens when you go against with me."

18. As women were terminated, either actually or constructively, Defendant Curtis would celebrate their termination and would hang the badges of the female officer's he had "gotten rid of" on a wall in his office, which he openly referred to as his "trophy wall" or "the wall of shame."

19. Defendant Curtis would openly brag about getting rid of the female officers who were terminated or constructively discharged and openly espoused the view that women did not belong in law enforcement.

20. Defendant Cottle took office on January 1, 2013 and immediately hired Defendant Curtis to be captain of the jail.

21. Defendant Curtis had no experience in corrections or in running a jail. His only qualifications appear to have been that he had experience as a police officer and was a personal friend of the new Sherriff.

22. In so hiring Defendant Curtis, Defendant Cottle demoted or otherwise removed from command a female corrections officer who had held that position for many years.

23. Within one month of taking office, Defendant Cottle had one of his female employees arrested and charged with felony theft for allegedly embezzling over $25,000 following a

one-day investigation into the matter by male investigators under his command, none of whom had any particularized knowledge or training in forensic accounting.

24. Defendant Curtis then ordered that the female arrestee be placed in "general population" with other inmates rather than in a more protective location as would be common practice at the jail when a law enforcement officer is confined in the jail because law enforcement officers are likely to be the targets of violence from other inmates.

25. The charges against that female employee have subsequently been dismissed.

26. The highly publicized arrest and charging with a felony of a long-time female employee of the jail based on scant or no evidence of actual criminal activity and after only a one day investigation by the male officers under Sheriff Cottle's command created an environment of fear among the female employees regarding not only their continued employment, but their very freedom should they choose complain about the treatment they were being subjected to.

27. As complaints regarding Defendant Curtis began to mount, Defendant Cottle called a meeting, ostensibly to discuss the issues complained of.

28. Defendant Cottle began the meeting by intentionally highlighting his close friendship with Defendant Curtis by tossing Defendant Curtis a pack of cigarettes and informing the group that Curtis had left the cigarettes at his (Defendant Cottle's) house the night before.

29. Rather than discussing the issues complained of, the meeting consisted of little more than Defendants Cottle and Curtis informing those present that Defendant Curtis was staying, would not change, and they would have to get used to it or quit.

30. Defendant Curtis's conduct went so far as to express his "hope" that a female co-worker's house would "burn down" and "kill her and her whole family" in front of his co-workers.

31. On at least one occasion in Plaintiff's presence, Defendant Curtis spoke of a former female employee of the jail that he had "gotten rid of" in a very derogatory manner, including negative comments based on the fact that she was a woman, to several male inmates who were allowed to work in the kitchen with Plaintiff without supervision by corrections officers.

32. Defendant Curtis would live in the jail facilities for extended periods of time with the knowledge and permission of Defendant Cottle.

33. Such statements by Defendant Curtis undermined Plaintiff's authority over the inmate workers, which appeared to embolden at least one such inmate worker in a manner that made Plaintiff fear for her safety.

34. Subsequent to hearing Defendant Curtis' statements about the female ex-employee, Plaintiff became aware that Defendant Curtis was saying negative things about her "behind her back," all of which was either completely unreasonable or simply untrue.

35. Because Defendant Curtis was allowed to reside at the jail by Defendant Cottle, Defendant Curtis often would use the kitchen and its staff, including Plaintiff, as though they were his personal cooks in "his" kitchen.

36. In so acting, Defendant Curtis would complain and reprimand Plaintiff for failing to so wait on him, for example: if she did not have breakfast prepared for him when he got up in the morning.

37. Although it was not her job to do so, Plaintiff never refused an actual request that she prepare a meal or perform any other task given to her by Defendant Curtis or any other corrections officer or supervisor.

38. Defendant Curtis' complaints seem to have centered on Plaintiff's failure to anticipate when he would wake up in the morning or be hungry in the afternoon and have a meal ready and waiting to serve him.

39. When Defendant Curtis was present in the kitchen for any reason other than reprimanding Plaintiff for failing to have a meal ready for him, he would rarely speak to Plaintiff directly, instead speaking to the male inmate workers who worked in the kitchen, often giving them instructions or other comments about the kitchen as though they were in charge of the kitchen rather than Plaintiff or other female kitchen staff.

40. Simultaneously, Defendant Curtis would allow inmates of the jail with serious criminal records and/or charges, including violent offenses, to work in the kitchen despite long standing jail policy that such inmates would not be allowed in the kitchen for the safety of the kitchen staff, including assurances by the Lincoln County Sheriff's Department at the time Plaintiff was hired that inmate workers would not have serious records or charges against them..

41. The allowance by Defendants of potentially dangerous inmates to work alongside Plaintiff without any direct supervision by a corrections officer made Plaintiff feel threatened and fear for her safety.

42. One such inmate, in particular, caused Plaintiff to fear for her safety to such a degree that Plaintiff would fear coming into work for fear that she may encounter said inmate.

43. Said inmate, Jason Voss, was being held on charges of felony murder and distribution of a controlled substance (heroin). Mr. Voss also had a prior felony plea of guilt.

44. While working in the kitchen, Mr. Voss would be sarcastic, rude, or otherwise intimidate Plaintiff.

45. Plaintiff was forced to work in the kitchen alone with Mr. Voss on several occasions.

46. Upon information and belief, Mr. Voss was emboldened in his behavior toward Plaintiff and other kitchen staff because of the preferential treatment given to him by Defendant Curtis and

because of Defendant Curtis' own attitude toward women in general, women in law enforcement and specific behavior toward the women on the kitchen staff.

47. Plaintiff complained of Mr. Voss' presence in the kitchen to her immediate supervisor and informed her that Mr. Voss made her feel threatened and endangered.

48. Despite making such reasonable, good faith complaint within the chain of command, Mr. Voss continued to work in the kitchen without any security presence for several more months.

49. In total, Mr. Voss worked in the kitchen alongside Plaintiff for approximately five months.

50. Upon information and belief, no male employees of the Lincoln County Sheriff's Department were forced to work with potentially dangerous or intimidating inmates facing serious charges unless they were corrections officers or in the presence of corrections officers.

51. Ultimately, Plaintiff was discharged from her employment by Defendant Curtis on or about December 27, 2013.

52. Plaintiff's gender was a motivating factor in her termination.

53. Plaintiff had been performing her job adequately until her dismissal.

54. Plaintiff was capable of continuing to perform her job satisfactorily.

55. Plaintiff was informed that she had been discharged for budgetary reason.

56. The "budget" reasoning given to Plaintiff for her termination was a mere pretext to hide the fact that her gender was a motivating factor for her discharge.

57. There was no legitimate reason for the Plaintiff's termination.

58. Defendants' conduct as described in the preceding paragraphs caused Plaintiff embarrassment, humiliation and emotional distress. She was (and remains) worried that, in complaining about the hostile work environment she was forced to endure, Plaintiff may be retaliated against by Defendant Cottle and/or Defendant Curtis and/or other members of the Lincoln County Sheriff's Department.

59. The hostile work environment created, encouraged and perpetuated by Defendants was long-standing "business as usual" for Defendants during Defendant Cottle's tenure, and upon information and belief, even before.

60. Indeed, discriminatory and sexually aggressive and/or suggestive conduct of supervisory personnel directed at female employees was commonly accepted, if not condoned, by Defendants in general, and Defendants Cottle and Lincoln County Sheriff's Department in particular during Cottle's time as Lincoln County's Sheriff and, upon information and belief, even before.

61. Plaintiff timely filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission on or about August 7, 2014. A copy of the charge is attached hereto as Exhibit A and is incorporated herein by reference.

62. The conduct of Defendants and their agents as set forth herein constitutes a continuing violation of Title VII of the Civil Rights Act of 1964, as amended, and is part of a pervasive and longstanding pattern or practice of unlawful employment practices and unlawful discriminatory practices in Lincoln County Sheriff's Department.

63. Plaintiff thereafter received her "right-to-sue notice," which she received on or about October 18, 2014. A copy of the right-to-sue notice is attached hereto as Exhibit B incorporated herein by reference.

64. This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## COUNT I

## Unlawful Sex Harassment, Perpetuation of a Hostile Work Enviornment, in Violation of Title VII of the Civil Rights Act
## (Against all Defendants)

65. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

67. The acts, practices, and conduct of Defendants as set forth herein constitute unlawful employment practices by perpetuating and promoting a hostile work environment in that:
    (a) Plaintiff is a member of a protected class (she is a female);
    (b) while employed by Defendants, Plaintiff was subjected to unwelcome sexual harassment and disparate treatment based on her gender;
    (c) the harassment and disparate treatment was pervasive and regular;
    (d) the harassment had the purpose or effect of substantially interfering with Plaintiff's work performance or created an intimidating, hostile or offensive working environment that detrimentally affected Plaintiff;
    (e) (i) Defendants knew or should have known of the harassment or (ii) Defendants Cottle and Curtis (i.e., the persons doing the harassing) were supervisors with immediate authority over Plaintiff or other supervisor who the Plaintiff reasonably believed had the ability to significantly influence employment decisions affecting her even if the harasser was outside the Plaintiff's direct chain of command;
    (f) A reasonable person in Plaintiff's position would objectively view Defendants' conduct complained of in this Petition as severe enough to create a hostile, intimidating or offensive work environment; and
    (g) Plaintiff did, in fact, believe that the work environment was hostile, intimidating and offensive.
    (h) Plaintiff's gender was a motivating factor in the conduct complained of.

  (i) At all times material to this action, Defendants Cottle and Curtis were acting within the course and scope of their employment.
  (j) Defendants failed to take prompt and appropriate corrective action to end the harassment.

68. As a direct result of Defendants' harassing conduct described herein, Plaintiff has suffered damages and is reasonably likely to continue to suffer and sustain damages including emotional distress, stress, anxiety, loss of professional status among her peers, lost promotional and career advancement opportunities, and humiliation and embarrassment. Plaintiff is thereby entitled to fair and reasonable general and compensatory damages in excess of $25,000.00, the exact amount to be determined by the Jury.

69. The actions and conduct of Defendants as set forth herein were outrageous because of Defendants' (and their agents') evil motive or reckless indifference to the rights of Plaintiff, and as such, warrant a separate award of punitive damages against each Defendant in an amount the Jury deems sufficient to punish Lincoln County, Lincoln County Sheriff's Department, Sheriff Cottle, and David Curtis for their unlawful conduct and to deter said Defendants and others from like conduct.

70. In addition to all other relief sought herein, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to Title VII of the Civil Rights Act.

  WHEREFORE, Plaintiff prays for judgment against each Defendant separately on Count I of her Petition and awarding Plaintiff: (i) general and compensatory damages in such sum as the Jury believes fair and reasonable in excess of $25,000.00; (ii) punitive damages in an amount the Jury believes sufficient to punish each Defendant for its or his unlawful conduct and to deter each Defendant and others from like conduct; (iii) attorneys' fees, costs and expenses; and (iv) such other and further relief as the Court deems just and proper under the circumstances in order to give effect to the remedial purposes of the Title VII of the Civil Rights Act.

### COUNT II

### Negligent Training and/or Supervision
### (Against Defendant Lincoln County, Defendant Lincoln County Sheriff's Department and Defendant Cottle)

71. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

72. Lincoln County had a duty to train and supervise their agents and employees, including but not necessarily limited to, Defendant Curtis, arising from their master-servant and/or employer-supervisor relationship.

73. Lincoln County Sherriff's Department had a duty to train and supervise their agents and employees, including but not necessarily limited to, Defendant Curtis, arising from their master-servant and/or employer-supervisor relationship.

74. Defendant Cottle had a duty to train and supervise his agents and employees, including but not necessarily limited to, Defendant Curtis, arising from the master-servant and/or employer-supervisor relationship.

75. Said Defendants had a duty to train and supervise, and to prevent their agents and employees from wrongfully and discriminatorily applying employment policies and practices toward Plaintiff and others similarly situated.

76. Said Defendants breached their duty to Plaintiff in that they failed to train, monitor and supervise their agents and supervisory employees in a manner that reasonable employers would under the circumstances.

77. Defendant Cottle, through his actions, failure to act, support of Defendant Curtis, and retaliatory warnings and practices authorized, condoned and ratified the unlawful conduct described in this action with the knowledge that the type of sexually hostile and disparate treatment of women in said Defendant's workplace (in particular within the Lincoln County Jail) was commonplace and "business as usual."

78. Lincoln County, through its Commissioners, department heads, employees, agents and/or supervisors, authorized, condoned and ratified the unlawful conduct described in this action with the knowledge that the type of sexually hostile treatment of women in said Defendant's workplace (in particular within the Sheriff's Department) was commonplace and "business as usual."

79. Lincoln County Sheriff's Department, through its elected Sheriff, department heads, employees, agents and/or supervisors, authorized, condoned and ratified the unlawful conduct described in this action with the knowledge that the type of sexually hostile treatment of women in said Defendant's workplace (in particular within the Lincoln County Jail) was commonplace and "business as usual."

80. As a direct and proximate result of Lincoln County, Lincoln County Sheriff's Department; and Defendant Cottle's actions and, as applicable, failures to act; the hostile work environment to which Plaintiff and other female employees were subjected; Defendants' failure to competently investigate Plaintiff's (and, upon information and belief, others') unlawful employment practice complaints; or to take any appropriate remedial action against Defendants Curtis and Cottle, Plaintiff has suffered general damages and is reasonably likely to continue to suffer and sustain damages including emotional distress, stress, anxiety, loss of professional status among her peers, lost promotional and career advancement opportunities, lost wages and benefits, humiliation and embarrassment. Plaintiff is thereby entitled to general and compensatory damages, the exact amount to be determined by the Jury.

81. Defendants' (and their agents') conduct and actions as described herein were grossly negligent and done with reckless indifference to the rights of others and, as such, warrant an award of punitive damages in an amount that is sufficient in the determination of the Jury to punish Lincoln County, Lincoln County Sheriff's Department and Sheriff Cottle for their conduct and to deter said Defendants and others from like conduct.

   WHEREFORE, Plaintiff prays for judgment against Defendant Lincoln County, Defendant Lincoln County Sheriff's Department and Defendant Cottle on Count II of her Petition for: (i) a finding that Defendants negligently trained or supervised its supervisory employees; (ii) general and compensatory damages in an amount the Jury believes fair and reasonable; (iii) punitive damages in an amount the Jury believes sufficient to punish Defendant for its conduct and to deter Defendant and others from like conduct; (iv) costs of suit; and (v) such other and further relief as the Court deems just and proper.

## COUNT III

### Negligent Hiring
### (Against Lincoln County, Lincoln County Sheriff's Department, and Defendant Cottle)

82. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

83. Defendants Lincoln County, Lincoln County Sheriff's Department and Sheriff Cottle employed David Curtis as the Captain of the Lincoln County Jail.

84. Said Defendants hired David Curtis to that position on or about January 1, 2013.

85. At the time the Defendants hired David Curtis, said Defendants knew or should have known of David Curtis' offensive, hostile, harassing, biased, and bigoted behavior in regards to women, particularly women in law enforcement.

86. In particularly, Defendant Cottle had previously worked with Defendant Curtis in the St. Charles County Sheriff's Department and was a personal friend of his.

87. Said Defendants' were negligent in their hiring of David Curtis as the Captain of the Lincoln County Jail.

88. Said Defendants' negligence in regard to the hiring of David Curtis as the Captain of the Lincoln County Jail was the proximate cause of Plaintiffs injuries and general damages.

89. As a direct and proximate result of Defendants' actions and, as applicable, failures to act; the hostile work environment to which Plaintiff and other female employees were subjected; Defendants' failure to competently investigate Plaintiff's (and, upon information and belief, others') unlawful employment practice complaints; or to take any appropriate remedial action against Defendants Curtis and Cottle, Plaintiff has suffered general damages and is reasonably likely to continue to suffer and sustain damages including emotional distress, stress, anxiety, loss

of professional status among her peers, lost promotional and career advancement opportunities, lost wages and benefits, humiliation and embarrassment. Plaintiff is thereby entitled to general and compensatory damages, the exact amount to be determined by the Jury.

90. Defendants' (and their agents') conduct and actions as described herein were grossly negligent and done with reckless indifference to the rights of others and, as such, warrant an award of punitive damages in an amount that is sufficient in the determination of the Jury to punish Lincoln County, Lincoln County Sheriff's Department and Sheriff Cottle for their conduct and to deter said Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Lincoln County, Defendant Lincoln County Sheriff's Department and Defendant Cottle on Count III of her Petition for: (i) a finding that Defendants negligently hired its supervisory employees, specifically, David Curtis; (ii) general and compensatory damages in an amount the Jury believes fair and reasonable; (iii) costs of suit; (iv) punitive damages in an amount the Jury believes sufficient to punish Defendant for its conduct and to deter Defendant and others from like conduct; and (v) such other and further relief as the Court deems just and proper.

## COUNT IV

### Negligent Retention
### (Against Lincoln County, Lincoln County Sheriff's Department, and Defendant Cottle)

91. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

92. Defendants Lincoln County, Lincoln County Sheriff's Department and Sheriff Cottle employed David Curtis as the Captain of the Lincoln County Jail during all times material to this action.

93. During the course of David Curtis' employment by said Defendants, said Defendants knew or should have known of David Curtis' offensive, hostile, harassing, biased, and bigoted behavior in regards to women, particularly women in law enforcement.

94. According to information and belief, said Defendants were aware or should have been aware of David Curtis' ongoing behavior towards women no later than October of 2013, if not long before.

95. Despite numerous and repeated complaints about David Curtis' on-going behavior, Defendants took little to no remedial action and continued to retain David Curtis.

96. David Curtis continued to be employed by said Defendants until sometime in late September or early October, 2014.

97. Said Defendants' were negligent in their retention of David Curtis as the Captain of the Lincoln County Jail for a year or longer after it became clear that he was incapable of conducting himself in a manner that was not in violation of Title VII of the Civil Rights Act.

98. As a direct and proximate result of Defendants' actions and, as applicable, failures to act; the hostile work environment to which Plaintiff and other female employees were subjected; Defendants' failure to competently investigate Plaintiff's (and, upon information and belief, others') unlawful employment practice complaints; or to take any appropriate remedial action against Defendants Curtis and Cottle, Plaintiff has suffered general damages and is reasonably likely to continue to suffer and sustain damages including emotional distress, stress, anxiety, loss of professional status among her peers, lost promotional and career advancement opportunities, lost wages and benefits, humiliation and embarrassment. Plaintiff is thereby entitled to general and compensatory damages, the exact amount to be determined by the Jury.

99. Defendants' (and their agents') conduct and actions as described herein were grossly negligent and done with reckless indifference to the rights of others and, as such, warrant an award of punitive damages in an amount that is sufficient in the determination of the Jury to punish Lincoln County, Lincoln County Sheriff's Department and Sheriff Cottle for their conduct and to deter said Defendants and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant Lincoln County, Defendant Lincoln County Sheriff's Department and Defendant Cottle on Count IV of her Petition for: (i) a finding that Defendants negligently retained its supervisory employees, specifically, David Curtis; (ii) general and compensatory damages in an amount the Jury believes fair and reasonable; (iii) costs of suit; (iv) punitive damages in an amount the Jury believes sufficient to punish Defendant for its conduct and to deter Defendant and others from like conduct; and (v) such other and further relief as the Court deems just and proper.

## COUNT V

### Employment Discrimination: Unlawful Discharge
### (against all Defendants)

100. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

101. Defendants fired Plaintiff on or about December 27, 2013.

102. Plaintiff's gender was a motivating factor in the decision to terminate her employment.

103. As a direct result of Defendants' discharge of Plaintiff, Plaintiff has suffered damages and is reasonably likely to continue to suffer and sustain damages including emotional distress, stress, anxiety, loss of professional status among her peers, lost promotional and career advancement

opportunities, lost wages and benefits, humiliation and embarrassment. Plaintiff is thereby entitled to general and compensatory damages, the exact amount to be determined by the Jury.

104. The actions and conduct of Defendants as set forth herein were outrageous because of Defendants' (and their agents') evil motive or reckless indifference to the rights of others, and as such, warrant a separate award of punitive damages against each Defendant in an amount the Jury deems sufficient to punish Lincoln County, the Lincoln County Sheriff's Department, Sheriff Cottle and David Curtis for their unlawful conduct and to deter said Defendants and others from like conduct.

105. In addition to all other relief sought herein, Plaintiff is entitled to an award of attorneys' fees and costs pursuant Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 200e-17.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count V of her Petition and awarding Plaintiff: (i) general and compensatory damages in such sum as the Jury believes fair and reasonable; (ii) punitive damages in an amount the Jury believes sufficient to punish each Defendant for its or his unlawful conduct and to deter each Defendant and others from like conduct; (iii) attorneys' fees, costs and expenses pursuant to; and (iv) such other and further relief as the Court deems just and proper under the circumstances in order to give effect to the remedial purposes of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 200e-17.

## COUNT VI

**42 U.S.C. § 1983 Action; Deprivation of Plaintiff's right to Equal Protection under the Fourteen Amendment to the United States Constitution
(against all Defendants)**

106. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

107. Plaintiff was subjected to intolerable and hostile working conditions on account of Defendants' afore-mentioned behavior, including disparate treatment when compared with male co-workers.

108. Plaintiff was discharged on or about December 27, 2013.

109. Plaintiff's gender was a motivating factor and a determining factor in the disparate and hostile treatment of Plaintiff that culminated in her discharge.

110. At all times relevant to this action, Defendants were acting under color of state law.

111. At all times relevant to this action, Defendants Curtis and Cottle were acting within the course and scope of their employment.

112. The behavior that resulted in the disparate treatment and discharge of Plaintiff was pervasive and constituted "business as usual" in the Lincoln County Sheriff's Department and the jail division in particular.

113. Defendants were aware of or should have been aware of the behavior that resulted in the disparate treatment and discharge of Plaintiff.

114. Defendants Lincoln County, Lincoln County Sheriff's Department, and Cottle failed to adequately train Sheriff Cottle and/or the supervisory personnel of the Lincoln County Sheriff's Department in order to prevent the disparate treatment and/or harassment of women in the employ of the Sheriff's Department.

115. Such failure to train, proximately resulted in the unconstitutional practices that violated Plaintiff's Constitutional right to equal protection as described in this complaint.

116. Defendants Lincoln County, Cottle, and Lincoln County Sheriff's Department had actual knowledge of sexual discrimination and harassment against women having occurred in the Lincoln County Sheriff's Department under the previous Sheriff's tenure.

117. Under such circumstances, Defendants Lincoln County, Cottle, and Lincoln County Sheriff's Department's failure to adequately train Sheriff Cottle and his supervisory personnel amounted to a deliberate indifference and a reckless disregard for the rights of Plaintiff.

118. The Defendants' unconstitutional conduct as described in this complaint was so pervasive and widespread as to have force of law or policy of the County.

119. The policy makers for Defendants Lincoln County and Lincoln County Sheriff's Department were actually or constructively aware of the unlawful conduct and that it was so widespread as to constitute an informal policy of said Defendants.

120. The policy makers for Defendants Lincoln County and Lincoln County Sheriff's Department failed through specific intent or deliberate indifference to stop the practice/informal policy of disparate treatment and harassment.

121. Such informal policy/practice of disparate treatment and harassment of female employees of the Sheriff's Department proximately resulted in the unconstitutional practices that violated Plaintiff's Constitutional right to equal protection.

122. As a direct result of Defendants' deprivation of Plaintiff's constitutionally protected right to Equal Protection, Plaintiff has suffered damages and is reasonably likely to continue to suffer and sustain damages including emotional distress, stress, anxiety, loss of professional status among her peers, lost promotional and career advancement opportunities, lost wages and benefits, humiliation and embarrassment. Plaintiff is thereby entitled to general and compensatory damages, the exact amount to be determined by the Jury.

123. The actions and conduct of Defendants as set forth herein were outrageous because of Defendants' (and their agents') evil motive or reckless indifference to the rights of others, and as such warrant a separate award of punitive damages against each Defendant in an amount the Jury deems sufficient to punish Lincoln County, the Lincoln County Sheriff's Department, Sheriff Cottle and David Curtis for their unlawful conduct and to deter said Defendants and others from like conduct.

124. In addition to all other relief sought herein, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

   WHEREFORE, Plaintiff prays for judgment against Defendant on Count VI of her Petition and awarding Plaintiff: (i) general and compensatory damages in such sum as the Jury believes fair and reasonable; (ii) punitive damages in an amount the Jury believes sufficient to punish each Defendant for its or his unlawful conduct and to deter each Defendant and others from like conduct; (iii) attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988; and (iv) such other and further relief as the Court deems just and proper under the circumstances in order to give effect to the remedial purposes of 42 U.S.C § 1983.

                              JAMES LAW GROUP, LLC


                       BY: ____/s/ John D. James_____
                              John D. James #61070MO
                              14 Richmond Center Court
                              St. Peters, MO   63376
                              (636) 397-2411 Fax: (636) 397-2799
                              e-mail: cjlaw@charliejames.com